IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00321-BNB

DAWANE MALLETT,

    Plaintiff,

v.

RON WILEY, ADX Warden, and
MARK COLLINS, Unit Manager, and
HARLEY LAPPIN, F.B.O.P. Director,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Dawane Mallett, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Mallett, acting *pro se*, has filed a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau*, 403 U.S. 388 (1971). The Court must construe the Complaint liberally because Mr. Mallett is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mallett will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Mallett and finds that it is deficient. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish

personal participation, Mr. Mallett must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Mallett fails to assert how Defendants Ron Wiley and Harley Lappin personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges proper personally participation by a named defendant. The Amended "[C]omplaint must explain what [the] defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Mallett file an Amended Prisoner Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Mallett, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Mallett fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED April 9, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00321-BNB

Dawane Arthur Mallett
Reg No. 13944-097
ADX - Florence
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/9/10

GREGORY C. LANGHAM, CLERK

By /s/
    Deputy Clerk